IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Donna Henry Rye,<br><br>Plaintiff,<br><br>v.<br><br>Wal-Mart Stores East, LP; John Doe,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-02415-SAC<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court on a Motion to Remand filed by Plaintiff Donna Henry Rye ("Plaintiff"). ECF No. 10. Defendant Wal-Mart Stores East, LP ("Walmart") filed a response in opposition. ECF No. 14. The motion is accordingly ripe for review. For the reasons discussed below, the Court GRANTS the Motion to Remand.

## BACKGROUND

### I. Factual Background

Plaintiff filed a Complaint in the Laurens County Court of Common Pleas against Walmart and John Doe. *See* ECF No. 1-1. The Complaint arises out of injuries Plaintiff sustained on or about July 3, 2025, when she allegedly encountered a liquid substance which caused her to slip and fall while shopping at a Walmart store located at 922 East Main Street in Laurens, South Carolina. *Id.* ¶¶ 4, 8-9. Plaintiff asserts negligence claims against Walmart. *Id.* ¶¶ 14-19. Plaintiff seeks damages for "severe debilitating injuries," including physical pain, suffering, mental anguish, emotional distress, permanent impairment of health and body efficiency, loss of enjoyment of life, increased susceptibility to future injury, substantial expenses for medical services, substantial expenses for future medical services, and other relief that may be determined through discovery. *Id.* ¶ 20. Plaintiff also seeks actual and punitive damages from Walmart. *Id.*

¶ 22.

Walmart subsequently removed the action to this Court based on diversity jurisdiction. ECF No. 1. In the Notice of Removal, Walmart asserts the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332. *Id.* ¶ 5.

## II. The Parties' Arguments

In her Motion to Remand, Plaintiff argues removal to this Court is improper because Walmart cannot demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000 as of the date of removal. *See* ECF No. 10 at 1; 28 U.S.C. § 1332(a). Specifically, Plaintiff claims she did not seek a specific dollar amount of damages in the Complaint, her medical bills are "far less than the jurisdictional threshold," and Walmart has failed to present any evidence to demonstrate the amount in controversy is greater than $75,000. ECF No. 10 at 5-6.

In response, Walmart argues the Court should engage in a "case specific analysis" and conclude the amount in controversy is satisfied based on the allegations and claims for damages in the Complaint, Plaintiff's statement that her past medical bills are $19,675, Plaintiff's correspondence with Walmart Claims Services, Plaintiff's counsel's statements to Walmart about her injuries, and Plaintiff's refusal to enter into a binding stipulation limiting damages in the case. ECF No. 14 at 1-2, 7-14. In other words, Walmart contends the case presents a "realistic and plausible estimate" that the amount in controversy is greater than $75,000 due to the "compensatory damages baseline of at least $19,760," together with the non-economic damages and punitive damages. *Id.* at 14.

## STANDARD OF REVIEW

Because "[f]ederal courts are courts of limited jurisdiction," it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."). It is a "well-established principle that [the court is] obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated and that if federal jurisdiction is doubtful, a remand to state court is necessary." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008) (citation modified).

A defendant may remove a case to federal court only if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441. Federal courts have original jurisdiction over civil cases based on federal questions or diversity of citizenship. *See id.*; 28 U.S.C. § 1332. In cases involving diversity of citizenship, the amount in controversy must also exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The remand of a case to state court after removal is governed by 28 U.S.C. § 1447, which provides that the court must remand an action that was removed from state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The defendant seeking removal has the burden of establishing federal jurisdiction. *Legg v. Peterbilt of Atlanta, LLC*, 730 F. Supp. 3d 215, 218 (D.S.C. 2024). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction," *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994), and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Legg*, 730 F. Supp. 3d at 218.

## ANALYSIS

Here, Walmart, as the removing party, has the burden of establishing jurisdiction. *See id.* There is no dispute that complete diversity of citizenship exists.[1] Rather, the parties dispute whether the amount-in-controversy is satisfied.

Plaintiff makes no specific allegation of the amount in controversy in her Complaint. When the complaint is silent as to the amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Ross v. Martinez-Lopez*, No. 3:26-cv-02119-JDA, 2026 WL 1971305, *2 (D.S.C. July 8, 2026) (citing *Francis v. Allstate Ins.*, 709 F.3d 362, 367 (4th Cir. 2013)). The amount in controversy is generally determined by reviewing the complaint at the time the state court action is commenced and at the time of removal. *See SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *2 (D.S.C. Dec. 28, 2022) (citing *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010)). In deciding whether to remand, the Court must accept as true the relevant allegations of the Complaint and construe all factual ambiguities in Plaintiff's favor. *See Legg,* 730 F. Supp. 3d at 218.

Here, Plaintiff asserts negligence claims against Walmart and claims she has suffered "severe debilitating injuries," including

> physical pain; suffering; mental anguish; emotional distress; permanent impairment of health and body efficiency; loss of enjoyment of life; increased susceptibility to future injury; substantial expenses for medical services; substantial expenses for future medical services; [and] such other particulars as may be found through discovery or trial.

---

[1] The Court disregards the citizenship of Defendant John Doe in determining whether this action is removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1).

ECF No. 1-1 ¶ 20 (citation modified). Plaintiff further claims she is entitled to both actual damages and punitive damages. *Id.* ¶ 22.

Walmart has not provided sufficient evidence, such as medical affidavits, settlement demands, or documentation of future damages, showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. With its response, Walmart presented communications between Plaintiff and its claims center concerning Plaintiff's injuries, in which Plaintiff notes that she underwent an MRI on her left knee and the surgeon determined surgery "would be unnecessary." *See* ECF No. 14-2. Walmart asserts the combined "bills and estimate" provided to its claims center is $22,303.34. ECF No. 14 at 5 n.2. However, Walmart notes that some of those bills may be unrelated to Plaintiff's alleged injury, which may reduce the total claimed medical bills to as low as $9,043.83. *Id.* Walmart also provided the Court with communications between counsel in this case regarding Plaintiff's injuries and the amount in controversy. *See* ECF Nos. 14-5; 14-6. In one such communication, Plaintiff's counsel stated that Plaintiff's "primary injury is a torn meniscus," which she has been treating "conservatively." ECF No. 14-5 at 2. Plaintiff's counsel noted "this may change as she has ongoing pain and upcoming appointments." *Id.* On the record before the Court, nothing suggests that Plaintiff's damages exceed $75,000 as of the date of removal.

Further, while Walmart correctly notes that punitive damages must be included in the calculation of the amount in controversy, *see* ECF No. 14 at 7, 10, "[c]ourts within this district have unequivocally held that a request for punitive damages will not necessarily preclude remand for failure to establish the amount in controversy required to exercise federal jurisdiction." *Murray v. Progressive N. Ins.*, No. 2:21-cv-03148-DCN, 2022 WL 42813, at *2 (D.S.C. Jan. 5, 2022) (collecting cases) (citation modified). The Court finds the likelihood of a punitive damages award

is far too uncertain at this stage so as to establish on its own that the jurisdictional minimum has been met.

In a final effort to defeat remand, Walmart points to Plaintiff's refusal to enter a post-removal binding stipulation limiting the amount of total damages. *See* ECF Nos. 14 at 8-9; 14-6 at 2-4. However, a refusal to stipulate to the maximum amount of damages "provides a tenuous and hypothetical inference." *Bishop v. Halpin*, No. 2:22-cv-02871, 2022 WL 17261400, at *3 (D.S.C. Nov. 29, 2022) (citation modified). And, as conceded by Walmart, a plaintiff's refusal to enter such a stipulation, "standing alone, does not create a legal certainty or even a reasonable probability that the amount in controversy has been satisfied." *Id.* at *3; ECF No. 14 at 8. For reasons other than "bad faith or jurisdictional manipulation, plaintiffs who wish to litigate in state court may resist forfeiting their ability to amend to seek or accept more than the jurisdictional amount, despite believing in good faith that their claim does not exceed $75,000." *Bell v. Qwest Commc'ns Int'l., Inc.*, No. 8:11-00037-HFF, 2011 WL 2601566, at *5 (D.S.C. June 30, 2011). The Court is mindful of the "serious handicap" that could result by requiring plaintiffs to enter binding agreements regarding damages at the early stage of a case. *Id.* For these reasons, the Court does not believe that Plaintiff's refusal to stipulate to a maximum amount of damages, without more, is sufficient to establish federal jurisdiction.

As alternative relief, Walmart seeks the opportunity to conduct jurisdictional discovery limited to the issue of the amount in controversy. ECF No. 14 at 15. "The decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court." *Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 216 n.3 (4th Cir. 2002). Walmart has failed to establish that jurisdictional discovery is warranted as it has offered no particular reason why such discovery is likely to lead to additional evidence about

the amount in controversy. *See id*. (finding jurisdictional discovery is not available "to conduct a fishing expedition in hopes of discovering some basis of jurisdiction.").

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Remand [ECF No. 10] is **GRANTED** and this action is **REMANDED** to the Laurens County Court of Common Pleas.

**IT IS SO ORDERED**.

United States District Judge

October 19, 2026
Greenville, South Carolina